IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENDO OPERATIONS LIMITED, ENDO USA, INC., PH HEALTH LIMITED, and PAR HEALTH USA, LLC, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) C.A. No. _____<br>)<br>) |
| BAXTER HEALTHCARE CORPORATION, | )<br>)<br>)<br>) |
| Defendant. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Endo Operations Limited ("EOL"), Endo USA, Inc. ("Endo USA"), PH Health Limited ("PHL"), and Par Health USA, LLC ("PH USA") (collectively, "Endo" or Plaintiffs") bring this action for patent infringement against Baxter Healthcare Corporation ("Baxter" or "Defendant").

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and in particular under 35 U.S.C. § 271. This action relates to New Drug Application ("NDA") No. 218475, filed by and for the benefit of Baxter with the United States Food and Drug Administration ("FDA"). Through a Prior Approval Supplement to NDA No. 218475 ("Defendant's sNDA"), Baxter seeks approval to market Baxter's Epinephrine in 0.9% Sodium Chloride Injection, 4 mg/250 mL (16 mcg/mL) ("Proposed sNDA Product"), prior to the expiration of U.S. Patent Nos. 11,071,719 (the "'719 patent"), 11,207,280 (the "'280 patent"), 12,133,837 (the "'837 patent"), 10,653,646 (the "'646 patent"), and 11,083,698 (the "'698 patent") (collectively, "the Patents-in-Suit").

## THE PARTIES

2. EOL is an Irish company with offices located at First Floor, Minerva House, Simmonscourt Road, Ballsbridge, Dublin 4, D04 H9P8, Ireland.

3. Endo USA is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 9 Great Valley Parkway, Malvern, Pennsylvania 19355.

4. PHL is an Irish company with offices located at First Floor, Minerva House, Simmonscourt Road, Ballsbridge, Dublin 4, D04 H9P8, Ireland. PHL is a wholly-owned subsidiary of EOL.

5. PH USA is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 9 Great Valley Parkway, Malvern, Pennsylvania 19355. PH USA is a wholly-owned subsidiary of Endo USA.

6. On information and belief, Defendant Baxter is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at One Baxter Parkway, Deerfield, Illinois 60015.

7. On information and belief, Baxter is a healthcare company and pharmaceutical manufacturer that develops, manufactures, markets and/or distributes pharmaceutical products around the United States, including in this judicial district.

8. Defendant's sNDA seeks approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed sNDA Product prior to the expiration of the Patents-in-Suit.

9. On information and belief, Defendant intends to obtain approval for Defendant's sNDA, and, in the event the FDA approves that Defendant's sNDA, to commercially manufacture, use, offer for sale, sell, and/or import the Proposed sNDA Product.

## JURISDICTION AND VENUE

10. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, arising out of the submission of Defendant's sNDA to the FDA.

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 35 U.S.C. § 1 et seq.

12. This Court has personal jurisdiction over Baxter because Baxter is a Delaware corporation. Further, this Court has personal jurisdiction over Baxter because, *inter alia*, it has maintained continuous and systematic contacts with this District and availed itself of the privilege of doing business in this District. On information and belief, Baxter has acted: (1) to file Defendant's sNDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed sNDA Product in the United States, including in this District; (2) regularly and continuously transacted business within this District, including by selling pharmaceutical products in this District either on its own or through its affiliates; and (3) derived substantial revenue from the sale of those products in this District.

13. On information and belief, if Defendant's sNDA is approved, the Proposed sNDA Product charged with infringing the Patents-in-Suit will be marketed, distributed, offered for sale, and/or sold in this District, prescribed by physicians practicing in this District, and/or used by patients in this District, all of which would have a substantial effect on this District.

14. This Court also has personal jurisdiction over Baxter because it has affirmatively availed itself of the jurisdiction of this Court through the assertion of declaratory judgment actions brought in this District and/or by being sued in this District without challenging personal jurisdiction. *See, e.g.*, *Baxter Healthcare Corporation v. Par Sterile Products, LLC et al*, 1-21-cv-01184 (D. Del.); *Baxter Healthcare Corporation v. Hospira, Inc. et al*, 1-18-cv-00303 (D.

Del.); *Nevakar Injectables, Inc. et al v. Baxter Healthcare Corp.*, 1-25-cv-00301 (D. Del.); *Eagle Pharmaceuticals, Inc. v. Baxter Healthcare Corporation*, 1-24-cv-00066 (D. Del.).

15. For the reasons set forth above, and for additional reasons which will be supplied if Defendant challenges personal jurisdiction in this action, Defendant is subject to personal jurisdiction in this District.

16. Venue is proper in this District for Baxter pursuant to 28 U.S.C. §§ 1391(c) and 1400 because, *inter alia*, Baxter is subject to personal jurisdiction in this District.

## THE PATENTS-IN-SUIT

17. The '719 patent, titled "Epinephrine Compositions and Containers," was duly and legally issued by the United States Patent and Trademark Office on July 27, 2021. A true and correct copy of the '719 patent is attached as Exhibit A.

18. EOL is an exclusive licensee of the '719 patent and has all substantial rights to the '719 patent. EOL has the ability and proper standing to enforce the '719 patent. EOL has granted an exclusive sublicense in the '719 patent to its affiliate, Endo USA, and beneficial and economic interest of the exclusive license to PHL.

19. The '280 patent, titled "Epinephrine Compositions and Containers," was duly and legally issued by the United States Patent and Trademark Office on December 28, 2021. A true and correct copy of the '280 patent is attached as Exhibit B.

20. EOL is an exclusive licensee of the '280 patent and has all substantial rights to the '280 patent. EOL has the ability and proper standing to enforce the '280 patent. EOL has granted an exclusive sublicense in the '280 patent to its affiliate, Endo USA, and beneficial and economic interest of the exclusive license to PHL.

21. EOL listed the '280 patent in the Orange Book (Approved Drug Products with Therapeutic Equivalence Evaluations) for NDA No. 215875 on May 10, 2023.

22. The '837 patent, titled "Epinephrine Compositions and Containers," was duly and legally issued by the United States Patent and Trademark Office on November 5, 2024. A true and correct copy of the '837 patent is attached as Exhibit C.

23. EOL is an exclusive licensee of the '837 patent and has all substantial rights to the '837 patent. EOL has the ability and proper standing to enforce the '837 patent. EOL has granted an exclusive sublicense in the '837 patent to its affiliate, Endo USA, and beneficial and economic interest of the exclusive license to PHL.

24. EOL listed the '837 patent in the Orange Book (Approved Drug Products with Therapeutic Equivalence Evaluations) for NDA No. 215875 on November 6, 2024.

25. The '646 patent, titled "Epinephrine Compositions and Containers," was duly and legally issued by the United States Patent and Trademark Office on March 19, 2020. A true and correct copy of the '646 patent is attached as Exhibit D.

26. EOL is an exclusive licensee of the '646 patent and has all substantial rights to the '837 patent. EOL has the ability and proper standing to enforce the '646 patent. EOL has granted an exclusive sublicense in the '646 patent to its affiliate, Endo USA, and beneficial and economic interest of the exclusive license to PHL.

27. EOL listed the '646 patent in the Orange Book (Approved Drug Products with Therapeutic Equivalence Evaluations) for NDA No. 215875 on May 10, 2023.

28. The '698 patent, titled "Epinephrine Compositions and Containers," was duly and legally issued by the United States Patent and Trademark Office on August 10, 2021. A true and correct copy of the '698 patent is attached as Exhibit E.

29. EOL is an exclusive licensee of the '698 patent and has all substantial rights to the '698 patent. EOL has the ability and proper standing to enforce the '698 patent. EOL has granted an exclusive sublicense in the '698 patent to its affiliate, Endo USA, and beneficial and economic interest of the exclusive license to PHL.

30. EOL listed the '698 patent in the Orange Book (Approved Drug Products with Therapeutic Equivalence Evaluations) for NDA No. 215875 on May 10, 2023.

## FACTUAL BACKGROUND
### Adrenalin® (epinephrine)

31. EOL is the holder of NDA No. 215875 for Adrenalin® in five dosage strengths: 2 mg (8 μg/mL epinephrine), 4 mg (16 μg/mL epinephrine), 5 mg (20 μg/mL epinephrine), 8 mg (32 μg/mL epinephrine), and 10 mg (40 μg/mL epinephrine), each of which is provided in 250 mL infusion bags (hereafter, the "Adrenalin® bags"). Adrenalin® bags are indicated to increase mean arterial blood pressure in adult patients with hypotension associated with septic shock. (*See* Exhibit F (Adrenalin® label (Oct. 2023)) at 1.)

32. EOL is the holder of NDA No. 204200 for Adrenalin® brand epinephrine 1 mg/mL single-dose vials, approved on December 7, 2012 (the "Adrenalin® single-dose vials"). EOL is the holder of NDA No. 204640 for Adrenalin® brand epinephrine 30 mg/30 mL multidose vials, approved on December 18, 2012 (the "Adrenalin® multi-dose vials," and together with the Adrenalin® single-dose vials, the "Adrenalin® vials"). Adrenalin® vials were the first FDA-approved epinephrine injection product for use in a clinical setting available in the United States. Adrenalin® vials are indicated to increase mean arterial blood pressure in adult patients with hypotension associated with septic shock and also for the emergency treatment of allergic reactions (Type 1), including anaphylaxis. (*See* Exhibit F (Adrenalin® label (Oct. 2023)) at 1.)

33. Epinephrine is involved in various regulatory processes within the body, including regulation of heart beat, blood pressure, airway resistance, and energy metabolism. Septic shock is a life-threatening medical condition that is characterized by a severe drop in blood pressure. Septic shock is the last and most dangerous stage of sepsis. Treatments for septic shock include administration of vasopressors, such as epinephrine.

34. Prior to the availability of EOL's Adrenalin® bags, epinephrine was marketed as a concentrated form for injection (1 mg/mL). In its concentrated form, epinephrine must be diluted with a specific diluent such as dextrose or dextrose with sodium chloride when used to increase mean arterial blood pressure in adult patients with hypotension associated with septic shock. These commercially available epinephrine formulations lack storage stability and must be discarded the same day after reconstitution when stored at room temperature. Moreover, these concentrated epinephrine formulations carry a risk of dilution errors, and the resulting diluted solutions are prone to microbial contamination and have limited shelf life due to reduced chemical stability.

35. There have been multiple efforts to develop a stable, ready-to-use epinephrine formulation that does not require dilution before use, but these efforts failed due to the sensitivity of epinephrine. Epinephrine in aqueous solution deteriorates (by oxidation) rapidly with exposure to air or light. Epinephrine solutions may also lose potency as a result of racemization of the biologically active R-isomer to the biologically inactive S-isomer. Efforts to overcome some of these drawbacks included chemical modifications of the epinephrine solutions. Use of certain chemicals with these solutions, however, have resulted in severe allergic reactions.

36. EOL's development partner, Nevakar Injectables, Inc., set out to solve these drawbacks and through considerable research and development invented an improved stable, low

7

concentration, ready-to-administer substantially antioxidant free epinephrine formulation. These efforts led to a series of issued patents including the '719, '280, '837, '646, and '698 patents.

37. Endo USA sells both Adrenalin® vials and Adrenalin® bags.

38. Adrenalin® bags are the first FDA-approved manufacturer-prepared epinephrine premixed intravenous (IV) bag.

### Defendant's sNDA

39. In a letter dated May 29, 2025 (the "Notice Letter"), Defendant stated that it had sought FDA approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed sNDA Product prior to the expiration of the Patents-in-Suit. The Notice Letter further stated that Defendant's sNDA contained a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (a "Paragraph IV Certification") that the '280, '837, '646, and '698 patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, offer for sale, sale, and/or importation of the Proposed sNDA Product.

40. Defendant was aware of the Patents-in-Suit when it submitted Defendant's sNDA with a Paragraph IV Certification.

41. On information and belief, the Proposed sNDA Product contains epinephrine in 0.9% sodium chloride injection, 4 mg/250 mL (16 mcg/mL) that is covered by the claims of the Patents-in-Suit.

42. On information and belief, Defendant's sNDA refers to and relies upon the NDA for Adrenalin® (epinephrine) and contains data that, according to Defendant, demonstrate the bioequivalence of the Proposed sNDA Product and Adrenalin® (epinephrine). *See* 21 U.S.C. § 355(b)(2).

43. On information and belief, Defendant's Proposed sNDA Product label will instruct healthcare providers to prescribe its Proposed sNDA Product to increase mean arterial blood pressure in adult patients with hypotension associated with septic shock.

44. On information and belief, the FDA has not yet approved Defendant's sNDA.

45. Plaintiffs commenced this action within 45 days of receipt of the Notice Letter.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 11,071,719**

46. Plaintiffs hereby reallege and incorporate the allegations of paragraphs 1 – 45 of this Complaint.

47. Defendant's Notice Letter provides conclusory arguments of non-infringement with no information to evaluate those arguments. Defendant's Notice Letter also imposes unreasonable restrictions in its Offer for Confidential Access to "certain portions" of Defendant's sNDA. In the absence of the ability to meaningfully evaluate information related to Defendant's sNDA, Plaintiffs resort to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm their belief and to present to the Court evidence that Defendant infringes one or more claims of the '719 patent. *See Hoffman-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359 (Fed. Cir. 2000).

48. On information and belief, the Proposed sNDA Product infringes one or more claims of the '719 patent, either literally or under the doctrine of equivalents, by the Proposed sNDA Product's use of an epinephrine composition as covered by one or more of the claims of the '719 patent.

49. Defendant's submission of Defendant's sNDA to the FDA under 21 U.S.C. § 355(b)(2) for the purpose of obtaining approval to commercially manufacture, use, offer for sale,

sell, and/or import the Proposed sNDA Product before the expiration of the '719 patent constitutes infringement of one or more claims of the '719 patent under 35 U.S.C. § 271(e)(2).

50. On information and belief, Defendant plans to, intends to, and will commercially manufacture, use, offer for sale, sell, and/or import the Proposed sNDA Product immediately upon approval of Defendant's sNDA and will instruct healthcare providers to use the Proposed sNDA Product in accordance with the proposed product labeling.

51. On information and belief, upon FDA approval of Defendant's sNDA, Defendant will infringe one or more claims of the '719 patent by making, using, offering to sell, selling, and/or importing the Proposed sNDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

52. On information and belief, Defendant had knowledge of the '719 patent when it submitted Defendant's sNDA to the FDA, Defendant knew or should have known that it will induce or contribute to another's direct infringement of the '719 patent, and Defendant acted with the specific intent to induce or contribute to another's direct infringement of the '719 patent.

53. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 11,207,280

54. Plaintiffs hereby reallege and incorporate the allegations of paragraphs 1 – 45 of this Complaint.

55. Defendant's Notice Letter provides conclusory arguments of non-infringement with no information to evaluate those arguments. Defendant's Notice Letter also imposes unreasonable restrictions in its Offer for Confidential Access to "certain portions" of Defendant's

sNDA. In the absence of the ability to meaningfully evaluate information related to Defendant's sNDA, Plaintiffs resort to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm their belief and to present to the Court evidence that Defendant infringes one or more claims of the '280 patent. *See Hoffman-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359 (Fed. Cir. 2000).

56. On information and belief, the Proposed sNDA Product infringes one or more claims of the '280 patent, either literally or under the doctrine of equivalents, by the Proposed sNDA Product's use of an epinephrine composition as covered by one or more of the claims of the '280 patent.

57. Defendant's submission of Defendant's sNDA to the FDA under 21 U.S.C. § 355(b)(2) for the purpose of obtaining approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed sNDA Product before the expiration of the '280 patent constitutes infringement of one or more claims of the '280 patent under 35 U.S.C. § 271(e)(2).

58. On information and belief, Defendant plans to, intends to, and will commercially manufacture, use, offer for sale, sell, and/or import the Proposed sNDA Product immediately upon approval of Defendant's sNDA and will instruct healthcare providers to use the Proposed sNDA Product in accordance with the proposed product labeling.

59. On information and belief, upon FDA approval of Defendant's sNDA, Defendant will infringe one or more claims of the '280 patent by making, using, offering to sell, selling, and/or importing the Proposed sNDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

60. On information and belief, Defendant had knowledge of the '280 patent when it submitted Defendant's sNDA to the FDA, Defendant knew or should have known that it will

induce or contribute to another's direct infringement of the '280 patent, and Defendant acted with the specific intent to induce or contribute to another's direct infringement of the '280 patent.

61. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 12,133,837

62. Plaintiffs hereby reallege and incorporate the allegations of paragraphs 1 – 45 of this Complaint.

63. Defendant's Notice Letter provides conclusory arguments of non-infringement with no information to evaluate those arguments. Defendant's Notice Letter also imposes unreasonable restrictions in its Offer for Confidential Access to "certain portions" of Defendant's sNDA. In the absence of the ability to meaningfully evaluate information related to Defendant's sNDA, Plaintiffs resort to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm their belief and to present to the Court evidence that Defendant infringes one or more claims of the '837 patent. *See Hoffman-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359 (Fed. Cir. 2000).

64. On information and belief, the Proposed sNDA Product infringes one or more claims of the '837 patent, either literally or under the doctrine of equivalents, by the Proposed sNDA Product's use of an epinephrine composition as covered by one or more of the claims of the '837 patent.

65. Defendant's submission of Defendant's sNDA to the FDA under 21 U.S.C. § 355(b)(2) for the purpose of obtaining approval to commercially manufacture, use, offer for sale,

sell, and/or import the Proposed sNDA Product before the expiration of the '837 patent constitutes infringement of one or more claims of the '837 patent under 35 U.S.C. § 271(e)(2).

66. On information and belief, Defendant plans to, intends to, and will commercially manufacture, use, offer for sale, sell, and/or import the Proposed sNDA Product immediately upon approval of Defendant's sNDA and will instruct healthcare providers to use the Proposed sNDA Product in accordance with the proposed product labeling.

67. On information and belief, upon FDA approval of Defendant's sNDA, Defendant will infringe one or more claims of the '837 patent by making, using, offering to sell, selling, and/or importing the Proposed sNDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

68. On information and belief, Defendant had knowledge of the '837 patent when it submitted Defendant's sNDA to the FDA, Defendant knew or should have known that it will induce or contribute to another's direct infringement of the '837 patent, and Defendant acted with the specific intent to induce or contribute to another's direct infringement of the '837 patent.

69. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 10,653,646

70. Plaintiffs hereby reallege and incorporate the allegations of paragraphs 1 – 45 of this Complaint.

71. Defendant's Notice Letter provides conclusory arguments of non-infringement with no information to evaluate those arguments. Defendant's Notice Letter also imposes unreasonable restrictions in its Offer for Confidential Access to "certain portions" of Defendant's

NDA No. 218475. In the absence of the ability to meaningfully evaluate information related to Defendant's NDA No. 218475, Plaintiffs resort to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm their belief and to present to the Court evidence that Defendant infringes one or more claims of the '646 patent. *See Hoffman-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359 (Fed. Cir. 2000).

72. On information and belief, the Proposed sNDA Product infringes one or more claims of the '646 patent, either literally or under the doctrine of equivalents, by the Proposed sNDA Product's use of an epinephrine composition as covered by one or more of the claims of the '646 patent.

73. Defendant's submission of NDA No. 218475 to the FDA under 21 U.S.C. § 355(b)(2) for the purpose of obtaining approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed sNDA Product before the expiration of the '646 patent constitutes infringement of one or more claims of the '646 patent under 35 U.S.C. § 271(e)(2).

74. On information and belief, Defendant plans to, intends to, and will commercially manufacture, use, offer for sale, sell, and/or import the Proposed sNDA Product immediately upon approval of Defendant's sNDA and will instruct healthcare providers to use the Proposed sNDA Product in accordance with the proposed product labeling.

75. On information and belief, upon FDA approval of Defendant's sNDA, Defendant will infringe one or more claims of the '646 patent by making, using, offering to sell, selling, and/or importing the Proposed sNDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

76. On information and belief, Defendant had knowledge of the '646 patent when it submitted Defendant's sNDA to the FDA, Defendant knew or should have known that it will

induce or contribute to another's direct infringement of the '646 patent, and Defendant acted with the specific intent to induce or contribute to another's direct infringement of the '646 patent.

77. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

### COUNT V: INFRINGEMENT OF U.S. PATENT NO. 11,083,698

78. Plaintiffs hereby reallege and incorporate the allegations of paragraphs 1 – 45 of this Complaint.

79. Defendant's Notice Letter provides conclusory arguments of non-infringement with no information to evaluate those arguments. Defendant's Notice Letter also imposes unreasonable restrictions in its Offer for Confidential Access to "certain portions" of Defendant's NDA No. 218475. In the absence of the ability to meaningfully evaluate information related to Defendant's NDA No. 218475, Plaintiffs resort to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm their belief and to present to the Court evidence that Defendant infringes one or more claims of the '698 patent. *See Hoffman-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359 (Fed. Cir. 2000).

80. On information and belief, the Proposed sNDA Product infringes one or more claims of the '698 patent, either literally or under the doctrine of equivalents, by the Proposed sNDA Product's use of an epinephrine composition as covered by one or more of the claims of the '698 patent.

81. Defendant's submission of NDA No. 218475 to the FDA under 21 U.S.C. § 355(b)(2) for the purpose of obtaining approval to commercially manufacture, use, offer for sale,

sell, and/or import the Proposed sNDA Product before the expiration of the '698 patent constitutes infringement of one or more claims of the '698 patent under 35 U.S.C. § 271(e)(2).

82. On information and belief, Defendant plans to, intends to, and will commercially manufacture, use, offer for sale, sell, and/or import the Proposed sNDA Product immediately upon approval of Defendant's sNDA and will instruct healthcare providers to use the Proposed sNDA Product in accordance with the proposed product labeling.

83. On information and belief, upon FDA approval of Defendant's sNDA, Defendant will infringe one or more claims of the '698 patent by making, using, offering to sell, selling, and/or importing the Proposed sNDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

84. On information and belief, Defendant had knowledge of the '698 patent when it submitted Defendant's sNDA to the FDA, Defendant knew or should have known that it will induce or contribute to another's direct infringement of the '698 patent, and Defendant acted with the specific intent to induce or contribute to another's direct infringement of the '698 patent.

85. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

a) Judgment that Defendant's submission of Defendant's sNDA to the FDA was an act of infringement of one or more claims of the Patents-in-Suit under 35 U.S.C. § 271(e)(2);

b) Judgment that Defendant's making, using, offering to sell, selling, or importing into the United States of the Proposed sNDA Product prior to the expiration of the Patents-in-Suit, will

infringe, will actively induce infringement, and/or will contribute to the infringement of one or more claims of the Patents-in-Suit;

  c)  An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of Defendant's sNDA shall be a date that is not earlier than the expiration of the Patents-in-Suit plus any other exclusivity to which Plaintiffs are or become entitled;

  d)  An Order permanently enjoining Defendant, Defendant's affiliates and subsidiaries, each of its officers, agents, servants and employees, and any person acting in concert with Defendant, from making, using, offering to sell, selling, or importing into the United States the Proposed sNDA Product until after the expiration of the Patents-in-Suit plus any other exclusivity to which Plaintiffs are or become entitled;

  e)  A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 and an award of reasonable attorneys' fees, expenses, and disbursements of this action;

  f)  An award of Plaintiffs' reasonable costs and expenses in this action; and

  g)  Such further and other relief as this Court deems proper and just.

OF COUNSEL:

Brett J. Williamson
Gregory A. Morris
James Yi Li
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
(212) 326-2000

Robert F. Shaffer
Connie P. Lee
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300

July 10, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs*